**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4805**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LEWIS TUCKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:17-cr-00221-TDS-1)

Submitted:  September 13, 2021                    Decided:  September 24, 2021

Before KING, DIAZ, and FLOYD, Circuit Judges.

Remanded with instructions by unpublished per curiam opinion.

Christopher R. Clifton, Michael A. Grace, Greer B. Taylor, GRACE, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Eric L. Iverson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Christopher Lewis Tucker for two counts of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a); transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1); receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); and possession of firearms and ammunition by an unlawful user of—and a person addicted to—a controlled substance, in violation of 18 U.S.C. § 922(g)(3). After Tucker underwent extensive psychological examinations, the district court concluded that he was incompetent to stand trial and ordered an additional evaluation to determine whether there was a substantial probability that he could be restored to competency in the foreseeable future. During this first restoration period and the second, Tucker was intermittently compliant with his medication regimen. Tucker's failure to voluntarily take his medications on a consistent basis led the Government to move for an order authorizing the involuntary administration of antipsychotic medication, pursuant to *Sell v. United States*, 539 U.S. 166 (2003). The district court concluded that the Government established each of the four *Sell* factors by clear and convincing evidence and ordered the involuntary administration of antipsychotic medication to restore Tucker's competency. This *Sell* order included the specific dosages prescribed by Dr. Logan Graddy, the Chief Psychiatrist at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"). The district court stayed the order pending this interlocutory appeal.[1]

---

[1] Tucker argues that we should first consider his pro se appeal of the district court's order finding him incompetent to stand trial and ordering the first period of competency restoration. But the district court never docketed an appeal of that order. Indeed, Tucker's

2

Proceedings continued in the district court during the pendency of this appeal. The court committed Tucker for a third restoration period, during which he was compliant with—and responded well to—his medications. Thereafter, the COVID-19 pandemic broke out, and Tucker was transferred to a local jail. The medical records from the jail indicated that Tucker had been compliant with his medications, though his compliance could not be confirmed. Unfortunately, Tucker's condition regressed during his stay in the local jail. Dr. Tanya Cunic, FMC-Butner's Chief of Psychology, surmised that Tucker's regression may have been precipitated by stress caused by the legal proceedings, a recent altercation, or forced isolation due to the COVID-19 pandemic. Dr. Cunic recommended an additional restoration period, explaining that defendants who are restored to competency once are likely to be restored again. Dr. Cunic further suggested that Tucker's medications may need to be adjusted, considering that he regressed during a period in which he was purportedly compliant with his medication regimen. Upon the Government's motion, the court ordered a fourth restoration period, but Tucker's transfer from the local jail to FMC-Butner was delayed. Tucker consistently refused to take his medications during this fourth restoration period.

At this point, we asked the parties to submit supplemental briefs addressing whether recent developments in Tucker's case require a remand to the district court for reconsideration of its *Sell* order. The Government has moved to remand the case so that

---

motion for an extension of time in which to appeal the order is still pending in the district court.

the district court may reconsider its *Sell* order based on the events that have occurred during the pendency of this appeal. Tucker opposes the motion.

In *Sell*, the Supreme Court held that involuntary administration of antipsychotic medication for the sole purpose of restoring a mentally ill defendant to competency is appropriate only if the court finds that (1) "*important* governmental interests are at stake"; (2) "involuntary medication will *significantly further* those concomitant state interests"; (3) "involuntary medication is *necessary* to further those interests"; and (4) "administration of the drugs is *medically appropriate*." *Sell*, 539 U.S. at 180-81.

We have emphasized that "the forcible administration of antipsychotic medication constitutes a deprivation of liberty in the most literal and fundamental sense." *United States v. Watson*, 793 F.3d 416, 419 (4th Cir. 2015) (internal quotation marks omitted). Accordingly, we have cautioned that the forcible administration of antipsychotic medication "for the sole purpose of rendering [a defendant] competent to stand trial . . . is the exception, not the rule," and that "courts must be vigilant to ensure that such orders, which carry an unsavory pedigree, do not become routine." *Id.* (internal quotation marks omitted). To that end, "we have set a deliberately high standard for the government to satisfy before it may forcibly medicate solely to render an inmate competent to stand trial": the government must establish each of the *Sell* factors by clear and convincing evidence. *Id.* at 420. Under this standard, the government must put forth "evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, or evidence that proves the facts at issue to be highly probable." *Id.* (internal quotation marks omitted).

4

The issue here is whether we should consider the merits of Tucker's arguments challenging the *Sell* order or remand the case to the district court so that it may reconsider the *Sell* order based on the events that have occurred during the pendency of this appeal. Recognizing the factfinding responsibility of the district court and the caution that must be exercised before ordering forcible administration of antipsychotic medication, we conclude that remand is appropriate in this case and grant the Government's motion. While it is clear after the fourth restoration period that Tucker has ceased voluntarily taking his antipsychotic medication, there is some evidence from Dr. Cunic's testimony that the dosage or type of antipsychotic originally prescribed by Dr. Graddy is not sufficient to restore Tucker to competency. Thus, it is unclear at this juncture whether the second *Sell* factor still weighs in favor of forcible medication—that is, whether the administration of drugs, as currently prescribed, "is substantially likely to render [Tucker] competent to stand trial."[2] *Sell*, 539 U.S. at 181; *see Watson*, 793 F.3d at 420 (stating clear and convincing standard).

While we remand for further consideration, we do not vacate the district court's *Sell* order or express any view of the merits of the order. Allowing the order to stand will permit the district court to reopen the *Sell* process to the extent necessary to consider the developing evidence in Tucker's case. We instruct the court to maintain the stay of the *Sell* order during its consideration of the developing evidence and during the pendency of

---

[2] Of course, the district court is free to reconsider whether the remaining *Sell* factors still weigh in favor of forcible medication.

5

any future appeal of the order, in the event the court maintains or revises the order upon remand.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REMANDED WITH INSTRUCTIONS*